UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
RICHARD BERKLEY,

                 Plaintiff,

     -against-

CATHAY PACIFIC AIRWAYS LIMITED,

                 Defendant.
--------------------------------------------------------------------x

Case No.:

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, defendant Cathay Pacific Airways Limited (hereinafter "Cathay"), by and through its attorneys Clyde & Co US LLP, files its Notice of Removal to this Court of an action pending against it in the Supreme Court of the State of New York, County of Westchester.  Removal is based on the following grounds:

     1.     Plaintiff commenced this action against Cathay in the Supreme Court of the State of New York, County of Westchester, by filing a Verified Complaint ("Complaint") on or about October 2, 2018.  A copy of the Complaint is annexed hereto as Exhibit "A".

     2.     Plaintiff seeks recovery for personal injuries he allegedly sustained on July 6 or 7, 2018 when he was bitten by bed bugs while on Cathay flight CX830 from Hong Kong to John F. Kennedy International Airport in New York.  *See* Exhibit "A", ¶¶ 7-10.

     3.     Although Plaintiff alleges in his Complaint that the incident occurred on "flight number 170 operated by Cathay between Hong Kong International Airport and John F. Kennedy International Airport in New York" (Ex. A, ¶ 7), that particular flight was in fact Cathay flight CX830.  According to Plaintiff's ticketing information, a copy of which is annexed hereto as Exhibit "B", Plaintiff's transportation on Cathay was as follows:

- Perth, Australia to Hong Kong on Flight CX170 on July 6, 2018;

- Hong Kong to New York on flight CX830 on July 7, 2018.

4473985_1

4.      Cathay served and filed its Answer on October 10, 2018. A true and correct copy of Cathay's Answer is annexed hereto as Exhibit "C".

5.      The Complaint alleges that "Plaintiff resides at 11 Whitefield Terrace, New York, and is a resident of the State of New York" and demands $90,000 in damages.  Ex. A, ¶ 2 and Wherefore Clause.

6.      Cathay is a corporate entity organized and existing under the laws of Hong Kong, with its headquarters and principal place of business located in Hong Kong.

7.      Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because there is complete diversity between Plaintiff, a citizen of New York, and Cathay, a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000.

8.      Cathay is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446.

9.      Removal is also proper because this Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331.  The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

10.     Because the carriage involved was "international" as defined in Article 1 of the Montreal Convention, the Convention exclusively governs the rights and liabilities of the parties to this action. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999); *Lee v. Air Canada*,

2017 WL 108058, *2 (S.D.N.Y. Jan. 10, 2017); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 488 (S.D.N.Y. 2009).   Accordingly, the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1331 as the action arises under a treaty of the United States, the Montreal Convention.

11.     This Notice of Removal is being filed within 30 days of receipt by Cathay of the Summons and Complaint.

12.     Cathay, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

13.     Concurrently with the filing of this Notice, Cathay is giving notice of removal to Plaintiff, and is filing a copy of this Notice with the Clerk of Court of the Supreme Court of the State of New York, County of Westchester. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D".

WHEREFORE, defendant Cathay Pacific Airways Limited respectfully requests that this action be removed to this Court.

Dated: New York, New York
         October 10, 2018

Yours, etc.,

CLYDE & CO US LLP

By: _____
         Christopher Carlsen
         Nicholas Magali
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant*
*Cathay Pacific Airways Limited*

To:   Steven Glassberg
      GLASSBERG & ASSOCIATES, LLC
      421 Seventh Avenue, Suite 800
      New York, NY 10001
      (212) 608-6726

      *Attorneys for Plaintiff*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------x
RICHARD BERKLEY                                    **VERIFIED**
                                                   **COMPLAINT**
                        Plaintiff,

            -against-                              Index No.:

CATHAY PACIFIC AIRWAYS LIMITED
                        Defendants.
------------------------------------------x


        Plaintiff, RICHARD BERKLEY. (hereinafter "Berkley" or "plaintiff"), by and

through its attorney, GLASSBERG & ASSOCIATES, LLC, as and for its Verified Complaint

against the Defendant, CATHAY PACIFIC AIRWAYS LIMITED ("Cathay") alleges as

follows:

## THE PARTIES

        1.      At all hereinafter mentioned, Plaintiff was and continues to be a natural person

and a resident of Westchester County, State of New York.

        2.      At all times hereinafter mentioned, Plaintiff resides at 11 Whitefield Terrace, New

Rochelle, NY and is a resident of the State of New York.

        3.      At all times hereinafter mentioned, defendant Cathay is, upon information and

belief an entity existing under and by virtue of the laws of the State of New York.

        4.      At all times hereinafter mentioned, defendant Cathay is, upon information and

belief a foreign entity, existing by virtue of the laws of Hong Kong and authorized to do business

in the State of New York.

5.    At all times hereinafter mentioned, defendant Cathay is in business as an airline, ferrying passengers between major cities of the world on its fleet of airplanes for pecuniary profit.

6.    Defendant Cathay, by virtue of its business, has a duty to provide a safe flying experience in clean and sanitary conditions.

## THE UNDERLYING FACTS

7.    On or about July, 6 and July 7, 2018, Berkley was a lawful passenger on flight number 170 operated by Cathay between Honk Kong International Airport and John F. Kennedy Airport in New York (the "flight").

8.    While on the flight, Berkley was repeatedly and consistently, throughout the entire duration of the flight, bitten by bed bugs.

9.    Due to the defendant's carelessness and negligence, in failing to maintain a clean, sanitary and safe environment on the flight, Berkley was caused to physically, mental and emotional harm as a result of being bitten by bed bugs throughout the flight.

10.    Plaintiff has suffered undetermined damages including property damage and lost rents as a result of Defendants actions.

## AS AND FOR A FIRST CAUSE OF ACTION

11.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 10 inclusively, with the same force and effect as though more fully set forth herein at length.

12.    Defendants had a duty to provide a clean, safe, parasite and bug free, sanitary environment on the flight.

13.    Defendants breached their duty to maintain a clean, safe, parasite and bug free, sanitary environment on the flight.

14.    As a result of Defendants failure to maintain a clean, safe, parasite and bug free, sanitary environment on the flight, Berkley was caused to suffer damages of One Hundred Twenty Five Thousand Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

15.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 14 inclusively, with the same force and effect as though more fully set forth herein at length.

16.    Defendant consciously and voluntarily failed to exercise reasonable care in the cleaning and maintenance of the airplane used for the flight.

17.    Defendant's failure to exercise reasonable care in the cleaning and maintenance of the airplane used for the flight caused Berkley harm and damages which were foreseeable and wholly avoidable had Defendant exercised reasonable care in the cleaning and maintenance of it's airplanes.

18.    As a result off Defendant's failure to exercise reasonable care in the cleaning and maintenance of the airplane used for the flight, Berkley was caused to suffer damages of One Hundred Twenty Five Thousand Dollars.

WHEREFORE, plaintiff demands judgment against the defendant, in the amount of $90,000.00 (Ninety Thousand Dollars) to recover for all of its damages, all together with the costs and disbursements of this action

Dated: New York, New York
       October 2, 2018

GLASSBERG & ASSOCIATES, LLC

By: _____

STATE OF NEW YORK:

COUNTY OF WESTCHESTER:

SS.

### VERIFICATION

I, Richard Berkley, the undersigned, state that I am A Principal of the Plaintiff in the within action

I have read the foregoing COMPLAINT and know the contents thereof; the same are true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

DATED: Westchester, New York
       October 2 , 2018

Sworn to before me this 2
day of October, 2018

Notary Public

STEVEN H. GLASSBERG
Notary Public, State of New York
No. 01GL6079110
Qualified in Nassau County
Commission Expires on June 2 20 19

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

RICHARD BERKLEY

*Plaintiff(s)*

- against -

CATHAY PACIFIC AIRWAYS LIMITED

*Defendant(s)*

SUMMONS & VERIFIED COMPLAINT

Signature (Rule 130.1.1-a)

Steven Glassberg

Glassberg & Associates, LLC
Office and Post Office Address
**421 Seventh Avenue, Suite 800**
**New York, NY 10001**
**212 608 6726**
**646 349 1977**

**Service of a copy of the within _ is hereby admitted.**
**Dated,**

Attorney(s) for

**Sir: Please take notice**

☐ *NOTICE OF ENTRY:*

That the within is a (certified) true copy of a duly entered in the office of the clerk of the within

named court on

☐ *NOTICE OF SETTLEMENT*

That an order                          of which the within is a true copy of a
Settlement to the HON. presented for one of the judges
Of the within named Court, at
On the _____ day of _____ 2011 at ____ AM
Dated,

# EXHIBIT B

**TICKET DOCS**

BERKLEY / RICHARD          CX830   20180707 HKG-JFK 026A 93   160236786194402



# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

RICHARD BERKLEY,                                  Index No.: 65828/2018

                              Plaintiff,          **VERIFIED ANSWER OF
                                                  CATHAY PACIFIC
        -against-                                 AIRWAYS LIMITED**

CATHAY PACIFIC AIRWAYS LIMITED,

                              Defendant.

-------------------------------------------------------------------X

        CATHAY PACIFIC AIRWAYS LIMITED ("Cathay"), by and through its attorneys,

Clyde & Co US LLP, as and for its Verified Answer to plaintiff's Verified Complaint

("Complaint"), states as follows:

## AS TO THE PARTIES

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 of the Complaint.

        3.      Denies the allegations in paragraph 3 of the Complaint.

        4.      Admits the allegations in paragraph 4 of the Complaint.

        5.      Admits the allegations in paragraph 5 of the Complaint.

        6.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 6 of the Complaint, except admits that Cathy is subject to certain duties

imposed by law, and refers all questions of law to the Court.

4474008_1

## AS TO THE UNDERLYING FACTS

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.    Denies the allegations in paragraph 8 of the Complaint.

9.    Denies the allegations in paragraph 9 of the Complaint.

10.   Denies the allegations in paragraph 10 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

11.   Answering paragraph 11 of the Complaint, Cathay repeats, reiterates and realleges each and every admission, allegation and denial set forth in paragraphs 1 through 10 of this Verified Answer as if set forth herein fully and at length.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admits that Cathay is subject to certain duties imposed by law, and refers all questions of law to the Court.

13.   Denies the allegations in paragraph 13 of the Complaint.

14.   Denies the allegations in paragraph 14 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

15.   Answering paragraph 15 of the Complaint, Cathay repeats, reiterates and realleges each and every admission, allegation and denial set forth in paragraphs 1 through 14 of this Verified Answer as if set forth herein fully and at length.

16.   Denies the allegations in paragraph 16 of the Complaint.

17.   Denies the allegations in paragraph 17 of the Complaint.

18.   Denies the allegations in paragraph 18 of the Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

19.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

20.    The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

21.    Cathay is not liable for plaintiff's alleged injuries because some or all of plaintiff's injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

22.    Pursuant to Article 21 of the Montreal Convention, Cathay's tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, Cathay is not liable to plaintiff for the loss or damage described in the Complaint or its liability, if any, is limited to an aggregate sum not in excess of 113,100 Special Drawing Rights (SDRs).

10137542 4474008.1                           3

### AS AND FOR AN FIFTH
### AFFIRMATIVE DEFENSE

23.     Pursuant to the Montreal Convention and/or other applicable law, Cathay shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

24.     The alleged damages complained of were not proximately caused by any culpable conduct on the part of Cathay.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

25.     The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than Cathay and Cathay is, therefore, not liable to plaintiff or, alternatively, the amount of damages recoverable by plaintiff must be diminished in the proportion which the negligence or culpable conduct attributable to parties other than Cathay bears to the negligence or culpable conduct which caused the damage.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

26.     Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by Cathay or any person or entity for whom Cathay is responsible.

10137542 4474008.1                          4

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

27.     Plaintiff failed to mitigate his damages, if any, and is therefore barred from recovering any such damages from Cathay.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

28.     Cathay asserts that if it is liable to plaintiff, which liability Cathay expressly denies, then Cathay is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff.

## AS AND FOR A ELEVENTH
## AFFIRMATIVE DEFENSE

29.     Plaintiff's state law claims against Cathay are completely preempted by the Montreal Convention, or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

30.     The liability to the plaintiff for non-economic loss shall not exceed the equitable share determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

31.     The liability of Cathay, if any, must be limited by the provisions of N.Y. CPLR Article 16.

10137542 4474008.1                          5

WHEREFORE, Cathay demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 10, 2018

CLYDE & CO US LLP

*Nicholas Magali*

By: _____
Christopher Carlsen
Nicholas Magali
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant*
*Cathay Pacific Airways Limited*

To:    Steven Glassberg
GLASSBERG & ASSOCIATES, LLC
421 Seventh Avenue, Suite 800
New York, NY 10001
(212) 608-6726

*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK      )
                               ) ss.:
COUNTY OF NEW YORK     )

       Nicholas Magali, being duly sworn, deposes and says:

       1.       I am an attorney admitted to the practice of law in the State of New York with the firm CLYDE & CO US LLP, attorneys for defendant CATHAY PACIFIC AIRWAYS LIMITED.

       2.       I have read the foregoing Answer and am familiar with the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. As defendant is not in the county in which I maintain my office, this Verification is made by its attorney rather than this defendant.

       3.       The source of my information and the grounds for my beliefs are correspondence and conferences with defendant and review of various documents related to this matter.

_Nicholas Magali_

_____
Nicholas Magali

Sworn to before me this
10th day of October, 2018

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 3, 2021

4474008_1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X

RICHARD BERKLEY,                                           Index No.: 65828/2018

                       Plaintiffs,          **AFFIDAVIT OF SERVICE**

      -against-

CATHAY PACIFIC AIRWAYS LIMITED,

                   Defendant.

------------------------------------------------------------------X

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

      Michelle Mullen, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in North Bergen, New York.  That on October 10, 2018 deponent served the within **VERIFIED ANSWER OF CATHAY PACIFIC AIRWAYS LIMITED** via Electronic Filing and U.S. Mail upon:

      Steven Glassberg
      GLASSBERG & ASSOCIATES, LLC
      421 Seventh Avenue, Suite 800
      New York, NY 10001
      *Attorneys for Plaintiff*

and at the address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof by enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                 _____
                                  Michelle Mullen

Sworn to before me this
10th day of October 2018

_____
Notary Public

4474008_1

              PATRICIA A. DONNELLY
          Notary Public, State of New York
              No. 01DO5087441
          Qualified in New York County
       Commission Expires Nov. 3, 2021

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
RICHARD BERKLEY,

                   Plaintiff,

          -against-

CATHAY PACIFIC AIRWAYS LIMITED,

                   Defendant.
-----------------------------------------------------------------x

Index No.:  65828/2018

**NOTICE OF FILING**
**NOTICE OF REMOVAL**

S I R S:

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto

as Exhibit "A," has been filed by defendant Cathay Pacific Airways Limited with the Office of

the Clerk of the United States District Court for the Southern District of New York.

Dated: New York, New York
      October 10, 2018

                         Yours, etc.,

                         CLYDE & CO US LLP

                         By:_____
                               Christopher Carlsen
                               Nicholas Magali
                         The Chrysler Building
                         405 Lexington Avenue
                         New York, New York 10174
                         (212) 710-3900

                         *Attorneys for Defendant*
                         *Cathay Pacific Airways Limited*

To:    Steven Glassberg
       GLASSBERG & ASSOCIATES, LLC
       421 Seventh Avenue, Suite 800
       New York, NY 10001
       (212) 608-6726

       *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RICHARD BERKLEY,                          :
                                          :      Case No.: _____
                          Plaintiff,      :
                                          :      **CERTIFICATE OF SERVICE**
              - against -                 :
                                          :
CATHAY PACIFIC AIRWAYS LIMITED,           :
                                          :
                          Defendant.      :
                                          :
----------------------------------------------------------x

     I hereby certify that on October 10, 2018, a copy of the foregoing NOTICE OF

REMOVAL was filed electronically and served via U.S. Mail on the following:

Steven Glassberg
GLASSBERG & ASSOCIATES, LLC
421 Seventh Avenue, Suite 800
New York, NY 10001
*Attorneys for Plaintiff*

Michelle Mullen
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900